UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANTONIO VERAS,                                    Case No.

                        Plaintiff,

            -vs.-                                 **COMPLAINT**

102 EAST 103 LLC, 103 EAST 102 LLC, 112 EAST
103 LLC, 118 EAST 103 LLC, DDEH 102 E103 LLC,
DDEH 103 E102 LLC, DDEH 112 E103 LLC,
LAWRENCE PROPERTIES, INC., LAWRENCE
PROPERTIES MANAGEMENT, LLC, SCOTT KATZ,
ISAAC KASSIRER, ASHER BERNSTEIN, JORGIE
"Doe" Last name being fictitious and unknown, and
JACOB "Doe" Last name being fictitious and unknown,

                        Defendants.
------------------------------------------------------------------X

      Plaintiff, ANTONIO VERAS, by and through his attorneys, the LAW OFFICES OF

WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:


                        ***THE PARTIES***


      1.    Plaintiff, ANTONIO VERAS, (hereinafter "Mr. Veras" or "Plaintiff") is an

individual residing in New York, New York.


      2.    Upon information and belief, Defendant 102 EAST 103 LLC, (hereinafter "102

EAST 103") was and is a Foreign Limited Liability Company whose principal place of

business is located at 266 Broadway, Suite 602, Brooklyn, NY 11211.

3.     Upon information and belief, Defendant 103 EAST 102 LLC, (hereinafter "103 EAST 102") was and is a Foreign Limited Liability Company whose principal place of business is located at 266 Broadway, Suite 602, Brooklyn, NY 11211.

4.     Upon information and belief, Defendant 112 EAST 103 LLC, (hereinafter "112 EAST 103") was and is a Foreign Limited Liability Company whose principal place of business is located at 266 Broadway, Suite 602, Brooklyn, NY 11211.

5.     Upon information and belief, Defendant 118 EAST 103 LLC, (hereinafter "118 EAST 103") was and is a Foreign Limited Liability Company whose principal place of business is located at 266 Broadway, Suite 602, Brooklyn, NY 11211.

6.     Upon information and belief, Defendant DDEH 102 E103 LLC, (hereinafter "DDEH 102 E103") was and is a Foreign Limited Liability Company whose principal place of business is located at 975 Walton Avenue, Ste. 1000, Bronx, NY 10452.

7.     Upon information and belief, Defendant DDEH 103 E102 LLC, (hereinafter "DDEH 103 E102") was and is a Foreign Limited Liability Company whose principal place of business is located at 975 Walton Avenue, Ste. 1000, Bronx, NY 10452.

8.     Upon information and belief, Defendant DDEH 112 E103 LLC, (hereinafter "DDEH 112 E103") was and is a Foreign Limited Liability Company whose principal place of business is located at 975 Walton Avenue, Ste. 1000, Bronx, NY 10452.

9.     Upon information and belief, Defendant LAWRENCE PROPERTIES, INC., (hereinafter "Lawrence Properties") was and is a Domestic Business Corporation whose principal place of business is located at 150 West 30th Street, New York, NY 10001.

10.     Upon information and belief, Defendant LAWRENCE PROPERTIES MANAGEMENT, LLC, (hereinafter "Lawrence Properties Management") was and is a Domestic Business Corporation whose principal place of business is located at 150 West 30th Street, New York, NY 10001.

11.     Upon information and belief, Defendant SCOTT KATZ (hereinafter "Katz") is an individual, whose actual place of business is located at 1465A Flatbush Avenue, Brooklyn, NY 11210.

12.     Upon information and belief, at all times herein pertinent, Defendant Katz, served as a principal, officer and/or manager of Defendants 102 East 103.

13.     Upon information and belief, at all times herein pertinent, Defendant Katz, served as a principal, officer and/or manager of Defendants 103 East 102.

14.     Upon information and belief, at all times herein pertinent, Defendant Katz, served as a principal, officer and/or manager of Defendants 112 East 103.

15.     Upon information and belief, at all times herein pertinent, Defendant Katz, served as a principal, officer and/or manager of Defendants 118 East 103.

3

16.     Upon information and belief, at all times herein pertinent, Defendant Katz, served as a principal, officer and/or manager of Defendants DDEH 102 E103.

17.     Upon information and belief, at all times herein pertinent, Defendant Katz, served as a principal, officer and/or manager of Defendants DDEH 103 E102.

18.     Upon information and belief, at all times herein pertinent, Defendant Katz, served as a principal, officer and/or manager of Defendants DDEH 112 E103.

19.     Upon information and belief, Defendant Katz is one of the ten members with the largest percentage ownership interest in 102 East 103.

20.     Upon information and belief, Defendant Katz is one of the ten members with the largest percentage ownership interest in 103 East 102.

21.     Upon information and belief, Defendant Katz is one of the ten members with the largest percentage ownership interest in 112 East 103.

22.     Upon information and belief, Defendant Katz is one of the ten members with the largest percentage ownership interest in 118 East 103.

23.     Upon information and belief, Defendant Katz is one of the ten members with the largest percentage ownership interest in DDEH 102 E103.

4

24.     Upon information and belief, Defendant Katz is one of the ten members with the largest percentage ownership interest in DDEH 103 E102.

25.     Upon information and belief, Defendant Katz is one of the ten members with the largest percentage ownership interest in DDEH 112 E103.

26.     Prior to the filing of this Complaint, Defendant Katz was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 102 East 103.

27.     Prior to the filing of this Complaint, Defendant Katz was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 103 East 102.

28.     Prior to the filing of this Complaint, Defendant Katz was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 112 East 103.

29.     Prior to the filing of this Complaint, Defendant Katz was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 118 East 103.

30.     Prior to the filing of this Complaint, Defendant Katz was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in DDEH 102 E103.

31.     Prior to the filing of this Complaint, Defendant Katz was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in DDEH 103 E102.

32.     Prior to the filing of this Complaint, Defendant Katz was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in DDEH 112 E103.

33.     Upon information and belief, Defendant ISAAC KASSIRER, (hereinafter "Kassirer") is an individual, whose actual place of business is located at 1465A Flatbush Avenue, Brooklyn, NY 11210.

34.     Upon information and belief, at all times herein pertinent, Defendant Kassirer, served as a principal, officer and/or manager of Defendants 102 East 103.

35.     Upon information and belief, at all times herein pertinent, Defendant Kassirer, served as a principal, officer and/or manager of Defendants 103 East 102.

36.     Upon information and belief, at all times herein pertinent, Defendant Kassirer, served as a principal, officer and/or manager of Defendants 112 East 103.

37.     Upon information and belief, at all times herein pertinent, Defendant Kassirer, served as a principal, officer and/or manager of Defendants 118 East 103.

38.     Upon information and belief, at all times herein pertinent, Defendant Kassirer, served as a principal, officer and/or manager of Defendants DDEH 102 E103.

39.     Upon information and belief, at all times herein pertinent, Defendant Kassirer, served as a principal, officer and/or manager of Defendants DDEH 103 E102.

40.      Upon information and belief, at all times herein pertinent, Defendant Kassirer, served as a principal, officer and/or manager of Defendants DDEH 112 E103.

41.      Upon information and belief, Defendant Kassirer is one of the ten members with the largest percentage ownership interest in 102 East 103.

42.      Upon information and belief, Defendant Kassirer is one of the ten members with the largest percentage ownership interest in 103 East 102.

43.      Upon information and belief, Defendant Kassirer is one of the ten members with the largest percentage ownership interest in 112 East 103.

44.      Upon information and belief, Defendant Kassirer is one of the ten members with the largest percentage ownership interest in 118 East 103.

45.      Upon information and belief, Defendant Kassirer is one of the ten members with the largest percentage ownership interest in DDEH 102 E103.

46.      Upon information and belief, Defendant Kassirer is one of the ten members with the largest percentage ownership interest in DDEH 103 E102.

47.      Upon information and belief, Defendant Kassirer is one of the ten members with the largest percentage ownership interest in DDEH 112 E103.

48.     Prior to the filing of this Complaint, Defendant Kassirer was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 102 East 103.

49.     Prior to the filing of this Complaint, Defendant Kassirer was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 103 East 102.

50.     Prior to the filing of this Complaint, Defendant Kassirer was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 112 East 103.

51.     Prior to the filing of this Complaint, Defendant Kassirer was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 118 East 103.

52.     Prior to the filing of this Complaint, Defendant Kassirer was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in DDEH 102 E103.

53.     Prior to the filing of this Complaint, Defendant Kassirer was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in DDEH 103 E102.

54.     Prior to the filing of this Complaint, Defendant Kassirer was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in DDEH 112 E103.

55.     Upon information and belief, Defendant ASHER BERNSTEIN, (hereinafter "Bernstein") is an individual, whose actual place of business is located at 37 West 12th Street, Apt. PH 9E, New York, NY 10011.

56.     Upon information and belief, at all times herein pertinent, Defendant Bernstein, served as a principal, officer and/or manager of Defendants Lawrence Properties.

57.     Upon information and belief, at all times herein pertinent, Defendant Bernstein, served as a principal, officer and/or manager of Defendants Lawrence Properties Management.

58.     Upon information and belief, Defendant Bernstein is one of the ten members with the largest percentage ownership interest in Lawrence Properties.

59.     Upon information and belief, Defendant Bernstein is one of the ten members with the largest percentage ownership interest in Lawrence Properties Management.

60.     Upon information and belief, Defendant JORGIE "Doe", (hereinafter "Jorgie") is an individual, whose actual place of business is located at 150 West 30th Street, New York, NY 10001.

61.     Upon information and belief, at all times herein pertinent, Defendant Jorgie, served as a principal, officer and/or manager of Defendants 102 East 103.

62.     Upon information and belief, at all times herein pertinent, Defendant Jorgie, served as a principal, officer and/or manager of Defendants 103 East 102.

63.     Upon information and belief, at all times herein pertinent, Defendant Jorgie, served as a principal, officer and/or manager of Defendants 112 East 103.

64.     Upon information and belief, at all times herein pertinent, Defendant Jorgie, served as a principal, officer and/or manager of Defendants 118 East 103.

65.     Upon information and belief, at all times herein pertinent, Defendant Jorgie, served as a principal, officer and/or manager of Defendants DDEH 102 E103.

66.     Upon information and belief, at all times herein pertinent, Defendant Jorgie, served as a principal, officer and/or manager of Defendants DDEH 103 E102.

67.     Upon information and belief, at all times herein pertinent, Defendant Jorgie, served as a principal, officer and/or manager of Defendants DDEH 112 E103.

68.     Upon information and belief, Defendant JACOB "Doe", (hereinafter "Jacob") is an individual, whose actual place of business is located at 150 West 30th Street, New York, NY 10001.

69.     Upon information and belief, at all times herein pertinent, Defendant Jacob, served as a principal, officer and/or manager of Defendants 102 East 103.

70.     Upon information and belief, at all times herein pertinent, Defendant Jacob, served as a principal, officer and/or manager of Defendants 103 East 102.

71.     Upon information and belief, at all times herein pertinent, Defendant Jacob, served as a principal, officer and/or manager of Defendants 112 East 103.

72.     Upon information and belief, at all times herein pertinent, Defendant Jacob, served as a principal, officer and/or manager of Defendants 118 East 103.

73.     Upon information and belief, at all times herein pertinent, Defendant Jacob, served as a principal, officer and/or manager of Defendants DDEH 102 E103.

74.     Upon information and belief, at all times herein pertinent, Defendant Jacob, served as a principal, officer and/or manager of Defendants DDEH 103 E102.

75.     Upon information and belief, at all times herein pertinent, Defendant Jacob, served as a principal, officer and/or manager of Defendants DDEH 112 E103.

76.     Upon information and belief, for the calendar year 2015 the gross receipts of 102 East 103 were not less than $500,000.00.

77.     Upon information and belief, for the calendar year 2016 the gross receipts of 102 East 103 were not less than $500,000.00.

11

78.     Upon information and belief, for the calendar year 2017 the gross receipts of 102 East 103 were not less than $500,000.00.

79.     Upon information and belief, for the calendar year 2018 the gross receipts of 102 East 103 will not be less than $500,000.00.

80.     Upon information and belief, for the calendar year 2015 the gross receipts of 103 East 102 were not less than $500,000.00.

81.     Upon information and belief, for the calendar year 2016 the gross receipts of 103 East 102 were not less than $500,000.00.

82.     Upon information and belief, for the calendar year 2017 the gross receipts of 103 East 102 were not less than $500,000.00.

83.     Upon information and belief, for the calendar year 2018 the gross receipts of 103 East 102 will not be less than $500,000.00.

84.     Upon information and belief, for the calendar year 2015 the gross receipts of 112 East 103 were not less than $500,000.00.

85.     Upon information and belief, for the calendar year 2016 the gross receipts of 112 East 103 were not less than $500,000.00.

86.     Upon information and belief, for the calendar year 2017 the gross receipts of 112 East 103 were not less than $500,000.00.

87.     Upon information and belief, for the calendar year 2018 the gross receipts of 112 East 103 will not be less than $500,000.00.

88.     Upon information and belief, for the calendar year 2015 the gross receipts of 118 East 103 were not less than $500,000.00.

89.     Upon information and belief, for the calendar year 2016 the gross receipts of 118 East 103 were not less than $500,000.00.

90.     Upon information and belief, for the calendar year 2017 the gross receipts of 118 East 103 were not less than $500,000.00.

91.     Upon information and belief, for the calendar year 2018 the gross receipts of 118 East 103 will not be less than $500,000.00.

92.     Upon information and belief, for the calendar year 2015 the gross receipts of DDEH 102 E103 were not less than $500,000.00.

93.     Upon information and belief, for the calendar year 2016 the gross receipts of DDEH 102 E103 were not less than $500,000.00.

94.     Upon information and belief, for the calendar year 2017 the gross receipts of DDEH 102 E103 were not less than $500,000.00.

95.     Upon information and belief, for the calendar year 2018 the gross receipts of DDEH 102 E103 will not be less than $500,000.00.

96.     Upon information and belief, for the calendar year 2015 the gross receipts of DDEH 103 E102 were not less than $500,000.00.

97.     Upon information and belief, for the calendar year 2016 the gross receipts of DDEH 103 E102 were not less than $500,000.00.

98.     Upon information and belief, for the calendar year 2017 the gross receipts of DDEH 103 E102 were not less than $500,000.00.

99.     Upon information and belief, for the calendar year 2018 the gross receipts of DDEH 103 E102 will not be less than $500,000.00.

100.    Upon information and belief, for the calendar year 2015 the gross receipts of DDEH 112 E103 were not less than $500,000.00.

101.    Upon information and belief, for the calendar year 2016 the gross receipts of DDEH 112 E103 were not less than $500,000.00.

102.     Upon information and belief, for the calendar year 2017 the gross receipts of DDEH 112 E103 were not less than $500,000.00.

103.     Upon information and belief, for the calendar year 2018 the gross receipts of DDEH 112 E103 will not be less than $500,000.00.

104.     Upon information and belief, for the calendar year 2015 the gross receipts of Lawrence Properties were not less than $500,000.00.

105.     Upon information and belief, for the calendar year 2016 the gross receipts of Lawrence Properties were not less than $500,000.00.

106.     Upon information and belief, for the calendar year 2017 the gross receipts of Lawrence Properties were not less than $500,000.00.

107.     Upon information and belief, for the calendar year 2018 the gross receipts of Lawrence Properties will not be less than $500,000.00.

108.     Upon information and belief, for the calendar year 2015 the gross receipts of Lawrence Properties Management were not less than $500,000.00.

109.     Upon information and belief, for the calendar year 2016 the gross receipts of Lawrence Properties Management were not less than $500,000.00.

110.    Upon information and belief, for the calendar year 2017 the gross receipts of Lawrence Properties Management were not less than $500,000.00.

111.    Upon information and belief, for the calendar year 2018 the gross receipts of Lawrence Properties Management will not be less than $500,000.00.

112.    Upon information and belief, the entity defendants 102 East 103, 103 East 102, 112 East 103, 118 East 103, DDEH 102 E103, DDEH 103 E102 and DDEH 112 E103, are operated under common ownership and under common management for a single intergraded business purpose, as a single intergraded enterprise.

113.    Upon information and belief Defendants Katz and Kassirer own all the beneficial interest in the entity defendants 102 East 103, 103 East 102, 112 East 103, 118 East 103, DDEH 102 E103, DDEH 103 E102 and DDEH 112 E103.

114.    Upon information and belief, Defendants Katz, Kassirer and Bernstein conducted substantially all the management functions of defendants 102 East 103, 103 East 102, 112 East 103, 118 East 103, DDEH 102 E103 and DDEH 103 E102.

115.    Upon information and belief, Defendants Katz and Kassirer hired Defendants Jorgie and Jacob.

116.    Upon information and belief, the individual defendants consider and resolve payroll, scheduling, and human resource issues defendants 102 East 103, 103 East 102, 112

East 103, 118 East 103, DDEH 102 E103 and DDEH 103 E102. This includes, but is not limited to, assigning employees shifts, mode and methods of payment, and employment locations.

117.    Upon information and belief, funds taken in by defendants 102 East 103, 103 East 102, 112 East 103, 118 East 103, DDEH 102 E103 and DDEH 103 E102 are and were transferred amongst themselves as necessary according to availability, cash flow needs, for minimization tax liability, and for various other management and accounting purposes.

118.    Upon information and belief, income received from each of the defendants 102 East 103, 103 East 102, 112 East 103, 118 East 103, DDEH 102 E103 and DDEH 103 E102 were used to pay various expenses which should, according to generally accepted accounting principles, have been properly allocated within themselves, including, but not limited to employee payroll.

119.    Upon information and belief, each of the defendants 102 East 103, 103 East 102, 112 East 103, 118 East 103, DDEH 102 E103 and DDEH 103 E102 share and interchange employees insofar as employees who are employed by any of them are sent to work for the other when the need arises.

120.    Defendants 102 East 103, 103 East 102, 112 East 103, 118 East 103, DDEH 102 E103 and DDEH 103 E102 all use the same employee manuals, company letterhead, and payroll operations.

### *JURISDICTION AND VENUE*

121.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

122.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

### *FACTUAL ALLEGATIONS*

123.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

124.     At all times herein pertinent, Defendants, and each of them, accepted rent payments via check from out of state banks.

125.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, cleaning

supplies, trash bags, sheetrock, plaster, thin set, kitchen cabinets, toilets, brooms and hand trucks.

126.    Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

127.    The Defendants 102 East 103, 103 East 102, 112 East 103, 118 East 103, DDEH 102 E103, DDEH 103 E102, Lawrence Properties and Lawrence Properties Management (hereinafter "Entity Defendants") are enterprises engaged in real estate acquisition and/or management.

128.    Mr. Veras was employed by the Entity Defendants from on or about the calendar year of 2002 until on or about November 1, 2017.

129.    Mr. Veras was assigned various duties including, but not limited to, painting, construction, kitchen cabinet installation, ceramic tile installation, sweeping and general maintenance.

130.    Mr. Veras worked Monday through Fridays, inclusive, from 9:00AM until 8:00PM and approximately once a month on Saturdays and Sundays from 10:00AM until 2:00PM.

131.    From the beginning of his employment until on or about December 31, 2016 Mr. Veras was paid a salary of $350.00 per work week.

19

132.    From on or about January 1, 2017 until his termination he was paid a salary of $385.00 per work week.

133.    The Defendants paid Mr. Veras in check.

134.    Plaintiff did not receive the statutory minimum wage.

135.    The Plaintiff regularly worked for the Defendants in excess of forty (40) hours per work.  However, Plaintiff never received any overtime premium for work performed in excess of the forty-hour week.

136.    Defendants failed to pay Plaintiff spread of hours pay.

137.    At all times herein pertinent, the Plaintiff performed his duties for the Entity Defendants, Lawrence Properties and Lawrence Properties Management at the direction and under the control of Defendants Jorgie and Jacob.

138.    Upon information and belief, Defendants Katz and Kassirer had the power to hire employees for the Entity Defendants.

139.    Upon information and belief, Defendant Bernstein had the power to hire employees for the Defendants Lawrence Properties and Lawrence Properties Management.

140.    Upon information and belief, Defendants Katz and Kassirer had the power to fire employees for the Entity Defendants.

141.    Upon information and belief, Defendant Bernstein had the power to fire employees for the Defendants Lawrence Properties and Lawrence Properties Management.

142.    Defendants Jorgie and Jacob controlled the terms of the Plaintiff's employment in that he would tell him what tasks to complete and on what time frame they needed to be completed.

143.    Upon information and belief, Defendants Katz and Kassirer controlled the work schedule of all of the employees for the Entity Defendants.

144.    Upon information and belief, Defendant Bernstein controlled the work schedule of all of the employees for Defendants Lawrence Properties and Lawrence Properties Management.

145.    Upon information and belief, Defendants Katz, Kassirer, Bernstein, Jorgie and Jacob controlled the work schedule of the Plaintiff.

146.    Upon information and belief, Defendants Katz and Kassirer controlled the rates and methods of payment of each of the employees for the Entity Defendants, including the Plaintiff's pay rate and methods of pay.

147.    Upon information and belief, Defendants Bernstein controlled the rates and methods of payment of each of the employees for the Defendants Lawrence Properties and Lawrence Properties Management, including the Plaintiff's pay rate and methods of pay.

148.    At all times herein pertinent, the Plaintiff performed his duties for the Entity Defendants, at the direction and under the control of Defendants Katz, Kassirer, Jorgie and Jacob.

149.    At all times herein pertinent, the Plaintiff performed his duties for the Defendants Lawrence Properties and Lawrence Properties Management, at the direction and under the control of Defendant Bernstein.

150.    Upon information and belief, and at all times herein pertinent, Defendants Katz, Kassirer, Jorgie and Jacob, exercised close control over the managerial operations for the Entity Defendants, including the policies and practices concerning employees.

151.    Upon information and belief, and at all times herein pertinent, Defendant Bernstein exercised close control over the managerial operations for the Defendants Lawrence Properties and Lawrence Properties Management, including the policies and practices concerning employees

152.    At all times herein pertinent, Defendants Katz, Kassirer, Jorgie and Jacob, controlled the terms and conditions of employment, supervised employees, made decisions as

22

to hiring and firing and as to wages with respect to the employees for the Entity Defendants in general, and with respect to the Plaintiff in particular.

153.    At all times herein pertinent, Defendant Bernstein, controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees for the Defendants Lawrence Properties and Lawrence Properties Management in general, and with respect to the Plaintiff in particular.

154.    At all times herein pertinent, Defendants Katz, Kassirer, Bernstein, Jorgie and Jacob acted as Plaintiff's employers within the meaning of the FLSA and the New York State Labor Law.

155.    The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages he earned.

156.    Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, have not maintained them as required by law.

157.    Defendants failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

158.    Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

***AS AND FOR A FIRST CAUSE OF ACTION***
***FEDERAL FAIR LABOR STANDARDS ACT***
***AGAINST THE DEFENDANTS, AND EACH OF THEM***
***(MINIMUM WAGE)***

159.    Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

160.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

161.    The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff the applicable minimum wage.

***AS AND FOR A SECOND CAUSE OF ACTION***
***FEDERAL FAIR LABOR STANDARDS ACT***
***AGAINST THE DEFENDANTS, AND EACH OF THEM***
***(FAILURE TO PAY OVERTIME)***

162.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

163.    Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty  (40) in a given workweek.

164.     Defendants failed to pay Plaintiff the overtime wages to which the Plaintiff is entitled under the FLSA.

165.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *STATE MINIMUM WAGE ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

166.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

167.     The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay the Plaintiff the applicable minimum wage.

### *AS AND FOR A FORTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

168.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

169.     Defendants have failed to pay Plaintiff the overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked above forty in a given work

week, to which the Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

170.    The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and supporting New York State Department of Labor regulations by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY SPREAD OF HOURS)*

171.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

172.    The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay the Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

173.    Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

174.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

175.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

176.    Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

27

177.     Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**_AS AND FOR A SEVENTH CAUSE OF ACTION_**
**_NEW YORK STATE LABOR LAW_**
**_AGAINST THE DEFENDANTS, AND EACH OF THEM_**
**_(FAILURE TO PROVIDE WAGE STATEMENTS)_**

178.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

179.     Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

180.     Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

28

a)   awarding back pay for minimum wage due and owing to the Plaintiff;

b)   awarding back pay for overtime pay due and owing to the Plaintiff;

c)   awarding back pay for spread of hours pay due and owing to the Plaintiff;

d)   Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e)   awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f)   awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g)   awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
February 8, 2018

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Amit Kumar (AK0822)
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52969-NT

To:

| | |
|---|---|
| 102 EAST 103 LLC<br>266 Broadway, Suite 602<br>Brooklyn, NY, 11211 | LAWRENCE PROPERTIES, INC.<br>150 West 30th Street<br>New York, New York 10001 |
| 103 EAST 102 LLC<br>266 Broadway, Suite 602<br>Brooklyn, NY, 11211 | LAWRENCE PROPERTIES<br>MANAGEMENT, LLC<br>150 West 30th Street<br>New York, New York 10001 |
| 112 EAST 103 LLC<br>266 Broadway, Suite 602<br>Brooklyn, NY, 11211 | SCOTT KATZ<br>1465A Flatbush Avenue<br>Brooklyn, NY 11210 |
| 118 EAST 103 LLC<br>266 Broadway, Suite 602<br>Brooklyn, NY, 11211 | ISAAC KASSIRER<br>1465A Flatbush Avenue<br>Brooklyn, NY 11210 |
| DDEH 102 E103 LLC<br>975 Walton Avenue, Ste. 1000<br>Bronx, NY, 10452 | ASHER BERNSTEIN<br>37 West 12th Street, Apt. PH 9E<br>New York, NY 10011 |
| DDEH 103 E102 LLC<br>975 Walton Avenue, Ste. 1000<br>Bronx, NY, 10452 | JORGIE "Doe"<br>150 West 30th Street<br>New York, New York 10001 |
| DDEH 112 E103 LLC<br>975 Walton Avenue, Ste. 1000<br>Bronx, NY, 10452 | JACOB "Doe"<br>150 West 30th Street<br>New York, New York 10001 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTONIO VERAS,                                                    Case No.

                         Plaintiff,

            -vs.-

102 EAST 103 LLC, 103 EAST 102 LLC, 112 EAST
103 LLC, 118 EAST 103 LLC, DDEH 102 E103 LLC,
DDEH 103 E102 LLC, DDEH 112 E103 LLC,
LAWRENCE PROPERTIES, INC., LAWRENCE
PROPERTIES MANAGEMENT, LLC, SCOTT KATZ,
ISAAC KASSIRER, ASHER BERNSTEIN, JORGIE
"Doe" Last name being fictitious and unknown, and
JACOB "Doe" Last name being fictitious and unknown,

                         Defendants.
-------------------------------------------------------------------X

---

## COMPLAINT

---

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52969-NT